UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN HADEN,

    Plaintiff,

v.

KEVIN CHAPPELL; et al.,

    Defendants.

           /

No. C 14-5398 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Steven Haden, an inmate at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. This case is now before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

The complaint alleges the following: In or about November 2009, Haden arrived at San Quentin "with a pre-existing serious medical condition/disability which causes stomach problems and a lack of being able to have a regular bowel movement." Docket # 5 at 3. On or about September 12, 2013, medical care providers failed to renew his "prescribed medication (Konsyl)" for his chronic condition "without a replacement or equal substitute." *Id.*[1] Haden filed an inmate appeal and learned that primary care provider Dr. J. Espinoza determined that Haden "did not seem to be constipated" and that Konsyl was a non-formulary drug which meant that it cost more to provide it to a prisoner. Dr. E. Tootell, the chief medical executive at the

---

[1] The manufacturer's website describes Konsyl as an "all natural fiber supplement." www.konsyl.com (last visited on February 12, 2015).

prison, "denied approval of plaintiff's medication (Konsyl) based solely on cost." *Id.* Dr. Espinoza also refused to refer Haden to see a specialist. Haden alleges that his "serious medical condition" places him at a serious risk of "potential intestinal injury(s)," and causes constant pain. *Id.* at 4.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Liberally construed, the *pro se* complaint states a cognizable claim against defendants Dr. J. Espinoza and Elaine Tootell for deliberate indifference to plaintiff's serious medical needs based on their decisions to (a) stop providing Konsyl to Haden, and (b) not to refer him to a specialist for his "chronic gastrointestinal condition [that] caus[es] constant painful bouts of constipation and bloating from gas." *Id.* at 5.

Haden has not stated a claim against the two other listed defendants. Defendant De la

Cruz was a nurse who merely relayed information as to the doctor's decision that Konsyl would not be provided to Haden. *See* Docket # 5 at 3. Warden Kevin Chappell is named as a defendant apparently because he is in charge of the prison. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). There are no allegations in the complaint that would support supervisor liability for the warden.

**CONCLUSION**

1. The complaint states a cognizable claim under § 1983 against Dr. J. Espinoza and Dr. Elaine Tootell for violating plaintiff's Eighth Amendment rights. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amendment (i.e., Docket # 1 and Docket # 15) and a copy of all the documents in the case file upon the following defendants, both of whom apparently work on the medical staff at San Quentin State Prison:

- Dr. J. Espinoza
- Dr. E. Tootell (chief medical executive)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **May 1, 2015**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 29, 2015**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **June 12, 2015**.

  4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.
> *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

  5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    7.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    8.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 12, 2015

_____
SUSAN ILLSTON
United States District Judge

5